IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00036-NYW-CYC

THE RAMOS INJURY FIRM, LLC,

     Plaintiff,

v.

DAVID PETRUSHKA, individually and as Personal Representative of Estate of Naomi
Petrushka,

     Defendant.

---

**MINUTE ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on April 10, 2026.**

Plaintiff The Ramos Injury Firm, LLC seeks leave to disclose a reply expert report, contending that it is necessary to combat a rebuttal expert report disclosed by defendant David Petrushka containing many opinions that were, in reality, untimely affirmative expert opinions. ECF No. 52.

"A party must make" expert "disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, the Scheduling Order contemplated initial affirmative expert disclosures and rebuttal expert disclosures. *See* ECF No. 28 at 12. It did not contemplate reply expert disclosures. Such disclosures are therefore not permitted. *See, e.g.*, *Mayer v. ADCS Clinics, LLC*, No. 21-cv-5303, 2026 WL 789085, at *3 (E.D. Pa. Mar. 20, 2026) ("The Court's Scheduling Order did not contemplate 'reply' expert reports because they are not permitted."); *Francoforte v. Graco Children's Prods., Inc.*, No. 2:20-CV-00137-LMM, 2025 WL 4479145, at *2 (N.D. Ga. Sep. 29, 2025) ("Because the Court's original and amended Scheduling Orders did not allow for reply reports, the Court holds that Weir and Gaskin's Supplemental Reports [168-60, 180-3] are improper and should be struck from consideration."); *Stoyas v. Toshiba Corp.*, No. 2:15-cv-04194 DDP-JC, 2022 WL 19406, at *2 (C.D. Cal. Jan. 3, 2022) ("The Scheduling Order . . . do[es] not appear to contemplate 'reply' expert reports. . . . The court therefore finds that the Reply Report is an improper expert report under Rule 26(a)(2)(D).").

The plaintiff contends that the defendant's rebuttal report contained improper affirmative opinions, but "[e]ven if true, Plaintiff's remedy was to seek to strike the offending portions of the reports . . . , or seek other relief from the Court, rather than assume that a reply report may be served." *Shinsedai Co. v. Nintendo Co. Ltd.*, No. 11-cv-2799-CAB (MDD), 2014 WL 11955595, at *1 (S.D. Cal. June 10, 2014); *see Mayer*, 2026 WL 789085, at *3 ("Nor is the Court persuaded by" the "argument that the [reply] Report is necessary to rebut the 'new theories' presented in"

other reports). Indeed, that is the relief afforded by the cases in the plaintiff's reply. *See* ECF No. 60 ¶ 3; *see, e.g.*, *Rehberg v. City of Pueblo*, 281 F.R.D. 620, 627 (D. Colo. 2012); *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 6:03-CV-1860-ORL-19KRS, 2005 WL 2465020, at *8 (M.D. Fla. Oct. 6, 2005). But it is not what the plaintiff seeks to do.

Nor is a reply report a supplemental report permissible under Rule 26(a)(2)(E). That rule indicates that parties "must supplement" expert "disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e), in turn, requires supplementation "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." But reply reports designed to respond to allegedly new material in rebuttal reports are not correcting incomplete or incorrect information in the initial disclosure. *See Francoforte*, 2025 WL 4479145, at *2; *Shinsedai Co.*, 2014 WL 11955595, at *2. Rule 26(a)(2)(E) therefore does not justify a reply report here.

In sum, the Scheduling Order does not contemplate a reply report. Even if the defendant improperly disclosed new opinions in his rebuttal expert report, the plaintiff cites no case holding that a reply expert report is the remedy, and a number of cases hold that it is not. Accordingly, the plaintiff's Motion for Leave to Disclose Supplemental/Reply Expert Witness Opinions, ECF No. 52, is **DENIED.**